IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 10-236 |
| | ) |
| ERIC C. NELSON, | ) |
| Defendant. | ) |

TENTATIVE FINDINGS AND RULINGS
CONCERNING ADVISORY GUIDELINES RANGE

CONTI, District Judge.

On December 22, 2010, defendant Eric C. Nelson ("defendant") pled guilty to possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). Pursuant to Local Criminal Rule 32C.4, counsel for defendant and for the government each had an opportunity to submit objections to the presentence investigation report ("PIR") prepared by the Probation Office. The government did not object to the PIR. Defendant filed one objection to the PIR which did not affect the guideline determination. Defendant filed a memorandum in support of a downward variance. The court will entertain any arguments related to a downward variance from the guideline range at the sentencing hearing.

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in § 3553(a) that the court must consider is "the kinds of sentence and the sentencing range established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated

that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense. At the time of sentencing, the court will impose the defendant's sentence in consideration of all the factors set forth under § 3553(a).

With respect to defendant's advisory Guidelines range, the court tentatively finds as follows:

1. The United States Sentencing Commission guideline for a violation of 18 U.S.C. § 2252(a)(4)(B) is found at U.S.S.G. § 2G2.2(a)(1) and calls for a base offense level of 18.

2. Because the material involved in the offense involved a prepubescent minor or a minor who had not attained the age of 12 years, the base offense level shall be increased by 2 levels for an adjusted offense level of 20. U.S.S.G. § 2G2.2(b)(2).

3. Because the material involved material that portrayed the sadistic or masochistic conduct or other depictions of violence, the offense level is increased by 4 levels for an adjusted offense level of 24. U.S.S.G. § 2G2.2(b)(4).

4. Because the offense involved the use of a computer the offense level is increased by 2 levels for an adjusted offense level of 26. U.S.S.G. § 2G2.2(b)(6).

5. Because the offense involved over 600 images, the offense level is increased by 5 levels for an adjusted offense level of 31. U.S.S.G. § 2G2.2(b)(7)(D).

6. Defendant's base offense level shall be decreased 2 levels because defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. U.S.S.G. § 3E1.1(a).

7. Defendant timely notified the government of his intention to plead guilty. Therefore, pursuant to U.S.S.G. § 3E1.1(b), defendant's offense level shall be reduced by 1 additional level.

8. Defendant's total offense level, therefore, is 28.

9. Defendant has 0 criminal history points. According to the sentencing table at U.S.S.G. Chapter 5, Part A, 0 criminal history points establish a criminal history category of I.

10. Based upon a total offense level of 28 and a criminal history category of I, the guideline range for imprisonment is 78-97 months. U.S.S.G. Chapter 5, Part A. The statutory maximum penalty at count 1 is a term of imprisonment of 10 years. 18 U.S.C. § 2252(a)(4)(B). The offense is a Class C felony.

11. If a term of imprisonment is imposed, the court may impose a term of supervised release of not less than 5 years up to life, pursuant to 18 U.S.C. § 3583(k). The Guidelines range for a term of supervised release is any term not less than 5 years up to life, pursuant to U.S.S.G. § 5D1.2(b). Because the instant offense is a sex offense, the advisory Guidelines recommend a range at the statutory maximum for a term of supervised release of life. U.S.S.G. § 5D1.2(b) (Policy Statement).

12. Pursuant to 18 U.S.C. § 3561(c)(1), defendant is eligible for not less than 1 or more than 5 years' probation. Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. § 3563(a)(2). Pursuant to U.S.S.G. § 5C1.1(f), however, defendant is not eligible for probation, because his guideline range is in zone D of the Sentencing Table.

13. The fine range for the instant offense is from $12,500 to $250,000. U.S.S.G. § 5E1.2(c)(3); 18 U.S.C. § 3571(b)(3).

14. Defendant must pay a special assessment of $100 at count 1. 18 U.S.C. § 3013.

By the court:


 /s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge



Date:   May 13, 2010